**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN DYSON,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:11-0370 |
| v. | : | (CONNER, D.J.) |
| **WILLIAM A. SCISM,** | : | (MANNION, M.J.) |
| Respondent | : | |

**REPORT AND RECOMMENDATION**[1]

On February 28, 2011, the petitioner, an inmate incarcerated at the Federal Correctional Complex at Allenwood, Pennsylvania, in its Low Security Federal Correctional Institution, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). The petitioner alleges that his Due Process rights under the United States Constitution were violated when he was denied representation by the staff member of his choice at a Disciplinary Hearing Officer ("DHO") hearing. *(Id.)*

A response to the petition, along with supporting exhibits, were filed by respondent on May 18, 2011. (Doc. No. 7). The petitioner filed a traverse and

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

1

exhibits on June 3, 2011. (Doc. No. 9). Thus, the matter is ripe for disposition. Now, therefore, for the following reasons, we will recommend that the petition be **DISMISSED.**

## I. BACKGROUND

Dyson filed the instant petition for writ of habeas corpus complaining that he was not represented by the staff member of his choice at the DHO hearing. Dyson has only had one DHO hearing during his tenure at Allenwood. He requested that Mr. Furman appear as his staff representative at the DHO hearing. (Doc. No. 9-1 at 2). Dyson's request was forwarded to Mr. Furman. (*Id.*) For reasons that are not explained in the record, Mr. Furman did not appear at the hearing. C. Myers did appear and represented Dyson at the hearing. (Doc. No. 9-4 at 2).

Additionally, Dyson raises an argument for the first time in his traverse that he was unable to present documentary evidence at the hearing because he was handcuffed and literally could not reach his evidence. (Doc. No. 9 at 2-3).

## II. DISCUSSION

The United States Supreme Court has held that prison disciplinary proceedings are not part of a criminal prosecution, and as such, inmates are not entitled to the full panoply of due process rights due a criminal defendant. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff* the Court stated that in order to satisfy the minimum requirements of procedural due process, prison

2

disciplinary proceedings must include:

> (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.

See *Rashid v. Yates*, 2005 WL 1277825 *2 (M.D. Pa)(*citing Wolff,* 418 U.S. at 556.

Applying these standards, it is apparent that the due process requirements in this context are minimal, and that they have been met in the petitioner's case. Dyson's only complaints are to the third and fourth elements of *Wolff.* As to the presentation of evidence, although Dyson raised this argument for the first time in his traverse, and the respondent has not had an opportunity to respond to this argument, it appears from the DHO hearing record that Dyson did not offer any evidence at the hearing, so it appears that he was not denied his due process rights. In response to the argument raised in his petition, there is no violation of due process even if Dyson was not provided with the staff member of his choosing to represent him at the DHO hearing. Inmates do not have the right to request representation by a specific staff member. *Mitchell v. Romine*, 158 Fed. Appx. 367, 369 (3d Cir. 2005) (unpublished).

### III. **RECOMMENDATION**

**(1)** On the basis of the foregoing, it is recommended that the Petition for Habeas Corpus (Doc. No. 1) be **DENIED.**

**(2)** Petitioner's request for a subpoena form is **DENIED AS MOOT.** (Doc. No. 8).

          s/ *Malachy E. Mannion*
          **MALACHY E. MANNION**
          **United States Magistrate Judge**

**Date: April 9, 2012**

O:\shared\REPORTS\2011 Reports\11-0370-01.wpd